UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEON SINKFIELD, JR., | Case No. 25-CV-2448 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| ANTONIO GUTTERES, DONALD TRUMP, LLOYD OF LONDON MARITIME/MARINE COMPANY, and JOHN NEAL, | |
| Defendants. | |

Plaintiff Deon Sinkfield, Jr., has filed numerous documents in this case, including at least three that appear to be complaints. *See* Docket. For the reasons explained below, the Court dismisses this action and denies as moot Mr. Sinkfield's motion to proceed *in forma pauperis* ("IFP").

For present purposes, the Court treats ECF No. 11 (the "Second Amended Complaint") as the operative pleading.[1] Its caption lists no defendants, but it names four "Respondents": (1) Antonio Guterres, Secretary-General of the United Nations; (2) Donald

---

[1] Mr. Sinkfield filed his original pleading, titled "Breach of Contractual [O]bligations by Non-Response," on June 11, 2025. *See* ECF No. 1. Two days later he filed another document with the same title, and on June 16, 2025, he submitted the Second Amended Complaint, which also carries that title. *See* Docket; ECF No. 9; Second Am. Compl. Federal Rule of Civil Procedure 15(a)(1) allowed him to amend once "as a matter of course," but it gave him no automatic right to amend again. But because Rule 15(a)(2) tells courts to "freely give leave" to amend "when justice so requires," the Court will treat the Second Amended Complaint as the operative pleading.

Trump, President of the United States; (3) "Lloyd of London Maritime/Marine Company," likely Lloyd's of London; and (4) John Neal, the chief executive officer of Lloyd's. *See id.* at 1.

In broad terms, it appears that Mr. Sinkfield wants to sue Defendants on behalf of himself and a putative class of "Afro-Indigenous" people. *See, e.g., id.* at 1–2. As the Court understands it, Mr. Sinkfield alleges that Defendants, along with "Roman" and "British" corporate and ecclesiastical actors, have profited for years from an unlawful global network of "slave-trust" contracts that turn individuals' birth-certificate data into secret securities, pledge those securities as collateral for public debt, and strip tribal sovereignty and property rights. *See, e.g., id.* at 3, 5, 8–10, 16, 20, 22–23. He seemingly claims that this scheme operates through (among other things) the 1871 District of Columbia corporate charter, the Federal Reserve system, and 1866 Reconstruction treaties with various Native American tribes. *See, e.g., id.* at 3–5, 10, 17–18, 20–21.

Mr. Sinkfield states that in May 2025 he sent Defendants a "Truth Affidavit," which they have not acknowledged; he argues that this silence amounts to a "default." *See, e.g., id.* at 1–5, 9. Alleging violations of several constitutional amendments, federal trust statutes, and international law, he asks the Court to cancel certain contracts, recognize Mr. Sinkfield's self-declared Afro-Indigenous nation under the "1933 Montevideo Convention," and award "rent" restitution of $312 trillion. *See, e.g., id.* at 2, 6–8, 14, 22–24.

Instead of paying this action's filing fee, Mr. Sinkfield submitted a document asserting that he owes no fee in this case. *See* ECF No. 12. The Court treats this filing as a request to proceed IFP. Under the statute governing IFP proceedings, "[n]otwithstanding any filing

2

fee, or any portion thereof, that may have been paid, the court shall dismiss [an IFP proceeding] at any time if the court determines that . . . the action . . . is frivolous . . . ." 28 U.S.C. § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). A legally frivolous claim is one that rests on an "inarguable legal conclusion." *Neitzke*, 490 U.S. at 325; *see also McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995) (noting that claim is legally frivolous if "'based on an indisputably meritless legal theory'" (quoting *Neitzke*, 490 U.S. at 327)).

Unfortunately, this action is frivolous from start to finish. The issue is not only that his historical narrative is convoluted and fanciful, though it is. The heart of the matter is his claim that Defendants' failure to respond to a document he allegedly sent them has somehow created a new sovereign nation owed $312 trillion. There is no plausible basis for that assertion. The pleading is also replete with (indeed, hinges on) classic sovereign-citizen theories, which courts in this District have repeatedly dismissed as frivolous. *See, e.g., Menze v. Cnty. of Otter Tail*, No. 24-CV-1243 (PJS/LIB), 2024 WL 5318981, at *7–8 (D. Minn. Oct. 29, 2024) (citing cases), *report and recommendation adopted*, 2025 WL 71614 (D. Minn. Jan. 10, 2025); *Wagner v. U.S. Bancorp*, No. 24-CV-1302 (SRN/DTS), 2024 WL 4421174, at *2 n.2 (D. Minn. Oct. 4, 2024) (same).

The Court therefore dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2). Because of that dismissal, the Court also denies Mr. Sinkfield's IFP request as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED WITHOUT PREJUDICE**, as frivolous, under 28 U.S.C. § 1915(e)(2).

2. Plaintiff Deon Sinkfield, Jr.'s filing at ECF No. 11, construed as a request to proceed in forma pauperis in this action, is **DENIED** as moot.

Dated: July 1, 2025

*Katherine M. Menendez*
Katherine M. Menendez
United States District Judge